THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                     CASE NO. 99-28116-JAD

RICHARD R. SANDOR,                        Chapter 13
     Debtor(s).

RICHARD R. SANDOR,
     Movant/Applicant,
vs
RONDA J. WINNECOUR, TRUSTEE;
OFFICE OF THE UNITED STATES
TRUSTEE, U.S. ATTORNEY, and
RICHARD R. SANDOR,
     Respondent(s).

### MOTION FOR DISTRIBUTION OF UNCLAIMED FUNDS
### PURSUANT TO 28 U.S.C. §2042

AND NOW comes the above referenced Applicant, by and through the undersigned counsel, and files this MOTION FOR DISTRIBUTION OF UNCLAIMED FUNDS, whereof the following is a statement:

     1.     Upon information and belief, there is on deposit with the Clerk of the U.S. Bankruptcy Court for the Western District of Pennsylvania the sum of $6,364.33 in funds intended to be distributed to the Applicant in the above case, which has not yet been claimed.

     2.     As set forth in the Affidavit and Power of Attorney attached hereto as Exhibit "A," and incorporated herein, Applicant is the proper recipient of the unclaimed funds (to the extent they are due to the Debtor).[1] Applicant further avers in support of this Application as follows:

     (A)     He is the debtor in the above case; and

     (B)     He has not assigned or transferred any right or interest in the Claim (or the unclaimed

---

[1] The Affidavit indicates that Applicant was the "original creditor," but that is incorrect. He was the debtor in the case.

funds which are the subject of this Application).

3.   It is noted that the Chapter 13 Trustee's cover letter in the Record of Funds Received for Deposit indicates that the funds were property of a creditor though the cover letter leaves the identity of the creditor blank. See Record of Funds Received for Deposit at Doc. No. 53.  Applicant believes that notwithstanding this language in that Record that he is the intended beneficiary of the funds, and has confirmed his entitlement with the Office of the Chapter 13 Trustee. Applicant is advised by the Chapter 13 Trustee's Office that at the time the deposit to the Court Registry was made that debtor refunds were covered by letters of the sort used in this case (and that the payment was intended as debtor refund was indicated by leaving the identity of the creditor blank).[2] Applicant further notes that the Case Ledger at the Chapter 13 Trustee's web site reflects that:

(A)   on 03-24-2005 Trustee's Check No. 0435271 in the amount of $5,964.33 was issued with a description of "REFUND TO DEBTOR/CAS" leaving a balance of $400 in the case;

(B)   on 03-31-2005 the Check No. 0435271 was marked, on the Ledger, as cancelled;[3] and

(C)   on 04-26-2005, $6,364.33 (consisting of the $5,964.33 plus the $400 balance) was issued to the Clerk of the Bankruptcy Court.

An excerpt of the Trustee's Ledger reflecting the above transactions is attached as Exhibit "B."

4.   By agreement between Applicant and The Financial Resources Group, Inc., as set forth in the attached Affidavit and Power of Attorney at Exhibit "A," the funds are to be distributed

---

[2] The Chapter 13 Trustee's office has since amended the form of letter used for debtor refunds to indicated that it is a debtor refund.

[3] Applicant suspects this check was never sent out. In any event, he avers that he never received it if it was.

to Applicant in the care of The Financial Resources Group, Inc., so that said entity may deduct from same its agreed upon fees for the prosecution of this Motion before distributing to Applicant the balance.

WHEREFORE, it is respectfully requested that this Honorable Court grant this Motion as set forth in the proposed Order attached hereto and incorporated herein.

Respectfully Submitted:

Date: **December 16, 2009**

By: /s/ Owen W. Katz
Owen W. Katz, Esq.
Pa. I. D. # 36473
P.O. Box 7826
Pittsburgh, PA 15215
(412) 281-1015
Fax: (412) 325-1532
Email: okatz@katzlawoffice.com